**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FRANK JAMES WHYTE, III          :

    Plaintiff                              :

v                                              :          Civil Action No. RDB-06-2211

JAMES W. HAGY, *et al.*            :

    Defendants                         :

o0o

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 25. Although Plaintiff was advised of his right to file a response opposing the motion and of the consequences of failing to do so, he has not filed an opposition to the motion.[1] *See* Paper No. 26. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion, construed as a motion for summary judgment, shall be granted.

### Background

Plaintiff, an inmate at the Frederick County Detention Center, claims his access to courts has been unconstitutionally encumbered by Defendants. Paper No. 1. He asserts that his access to the Detention Center law library and his access to word processing equipment has been severely limited and, at one point, he was not permitted access to either for nine consecutive days. *Id*. He asserts he was working on important legal claims related to his alleged unlawful criminal conviction. He states his appellate counsel was ineffective and he was required to take steps to correct the mistakes made by counsel. Those efforts, however, were thwarted by his inability to gain access to the law

---

[1] Plaintiff filed three Motions for Extension of Time to file a Response in Opposition and each motion was granted by the Court. *See* Papers 27 – 32.

library.

In an amended complaint, Plaintiff asserts that he was moved from his cell for the stated purpose of accommodating an inmate who could not have a cell mate and needed a sterile environment. Paper No. 4. He states that prior to the move his legal documents were organized and he had a chair and place to write. *Id*. After his move, Plaintiff claims he did not have a chair in his cell or a place to write and that some of his legal papers were lost. *Id*. at p. 2. He claims that a sewage flood occurred in the Detention Center and the inmate who given his cell participated in the clean-up efforts and was assigned several cell mates. *Id*. He concludes that the reason for his move to another cell was a farce and was actually an effort to thwart his attempts to successfully litigate his claims. *Id*.

Plaintiff claims Defendants continued to retaliate against him after the filing of the instant case by: delaying or depriving him of access to the law library;[2] placing him in a cell where the water runs at 1.5 liters per minute; depriving him of Visteril which he was taking for treatment of an acute anxiety disorder;[3] repeatedly sounding a loud, shrill alarm in the early morning for purposes of depriving inmates of sleep; tampering with Plaintiff's legal mail; and otherwise causing him to be ineffective when using the law library. Paper No. 7 at p. 3. Plaintiff claims that Defendants sometimes used a combination of sleep deprivation, poor water supply or denial of medication to insure that even if he was permitted access to the law library he would be unable to function properly. *Id*. Subsequent amended complaints allege: Plaintiff was prohibited from attending the

---

[2] Plaintiff claims that on September 26, 2006, he was required to stand in a hallway waiting to go to the library while another inmate who was also attending the library took a shower. Paper No. 7 at p. 1.

[3] Plaintiff asserts that prior to the deprivation of Visteril, Defendants withheld his Klonopin, causing him to suffer seizures as a result of withdrawal. Paper No. 7 at p. 2.

law library because a correctional officer would not wait for him to tie his shoe (Paper No. 17 at Ex. 2); the judge in Plaintiff's criminal case deprived him of his due process rights by sentencing him to ten years (Paper No. 18);[4] a juror in Plaintiff's criminal case posted a threatening message directed toward Plaintiff's family on an internet site (Paper No. 19);[5] and his legal papers were left in disarray after his cell was searched (Paper No. 20).

In their Motion to Dismiss or for Summary Judgment, Defendants assert Plaintiff made no attempt to exhaust administrative remedy procedures with respect to any of his claims; the conduct attributed to Detention Center staff violated no clearly established constitutional right; Plaintiff has not alleged a cognizable injury resulting from the alleged denial of access to courts; and the conditions alleged do not amount to Eighth or Fourteenth Amendment violations.  Paper No. 25.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv.*

---

[4] Plaintiff requests to add Judge Tisdale as a defendant in this case.  *Id*.  The claim raised is barred by the doctrine of judicial immunity and subject to *sua sponte* dismissal.  *See Forrester v. White*, 484 U.S. 219, 226–27 (1988).

[5] The claim appears to be another attempt to add the State's Attorney for Frederick County as a defendant in this case.  To the extent that there was juror misconduct in Plaintiff's criminal trial, the proper forum to raise such a claim is in a post-conviction action.  A claim for damages that impugns a currently valid criminal conviction is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

*Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the Court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). Nonetheless, a party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256. Inasmuch as Defendants' motion relied on matters outside the scope of the pleadings, it shall be construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6).

<u>Exhaustion of Administrative Remedies</u>

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Thus, the exhaustion provision plainly extends to Plaintiff's allegations.

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005).  Defendants in the instant case have properly raised the exhaustion issue and Plaintiff has failed to respond to the assertion.  Defendants state Plaintiff made no effort to exhaust administrative remedies with respect to the issues raised herein. Although Plaintiff attaches copies of letters sent to Detention Center staff regarding one of the allegations raised, there is no indication that he availed himself of the administrative remedy procedure with respect to other claims.  *See* Paper No. 20 at p. 2. In addition, there is no evidence beyond the letter submitted that Plaintiff pursued the issue any further.   In the absence of any rebuttal evidence, Plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies.

A separate Order follows.


June 26, 2007                                             /s/
Date                                                              RICHARD D. BENNETT
                                                                      UNITED STATES DISTRICT JUDGE